

**BART B. TORVIK**
**Attorney & Counselor**
**701 Main Street, Ste. 204**
**Evanston, IL 60202**
**847-986-8568**
**bart.torvik@torviklaw.com**

February 17, 2017

**Via e-mail to lynda.calderone@flastergreenberg.com**
Lynda L. Calderone, Esquire
Flaster Greenberg P.C.
1810 Chapel Avenue West
Cherry Hill, NJ 08002

RE:     U.S. Patent Nos. 8,467,515 & 8,498,399 and notice to The Alliance Group

Dear Ms. Calderone:

I represent American-Tel-A-Systems, Inc. ("Amtelco") and am writing in response to your letter dated February 8, 2017 to The Alliance Group ("Alliance"), an Amtelco customer, regarding U.S. Patent Nos. 8,467,515 and 8,498,399 owned by ASD, Inc. Amtelco is responding to the letter because Amtelco provides the equipment and technology that Alliance uses to offer the "uJoin" service questioned in your letter.

The uJoin service, as developed by Amtelco and practiced by Alliance, does not infringe any claim of either the '515 or '399 patents. By way of example only, uJoin does not permit "placing the placed outgoing call in a mute mode" (as required by every claim of the '515 patent); rather, it places the outgoing call in a *hold mode*, and permits a muted connection only as the initial connection state for an answering service client *calling in* (not as part of an "outgoing call"). Further, when a client has called in and is listening to a call in mute mode, uJoin does not allow the "agent to remove the mute mode from the ongoing call" (as also required by every claim of the '515 patent); rather, only the answering service *client* has the ability to remove the mute mode. Further, the Amtelco equipment does not permit the agent and the client to continue the call if the client has not yet joined the call, after disconnection of the incoming call (as required by every claim of the '399 patent). Accordingly, for these and other reasons, Amtelco's system does not permit its customers' agents (such as those employed by Alliance) to practice every step of any of the claimed methods, and there can be no infringement.

Further, after a considered review, Amtelco is satisfied that all the claims in both patents are invalid under 35 U.S.C. § 101 as explicated by the Supreme Court in its *Alice Corp.* decision, which came down after these patents issued. Specifically, both patents attempt to claim the abstract idea of allowing an answering service client to participate in an ongoing call with a customer. All of the claims rely on generic telecommunications equipment to perform the methods, and do not even attempt to claim any particular system or technology for the process of patching an answering service client into an ongoing call (whether on mute or otherwise). Indeed, the vast majority of steps in each claimed method have been actually practiced in the answering service industry for at least 30 years. To wit, the core underlying technology is described in U.S. Patent No. 4,629,831 (cited as prior art during the prosecution of parent



application for both patents) which was issued *to Amtelco in 1986*. Thus, the claims purport to cover abstract ideas and mental processes that are not patentable subject matter under Section 101 and *Alice Corp.*, and they are unenforceable.

We trust that this responds to your inquiry regarding the uJoin service offered by Alliance using Amtelco equipment. If you have any further questions regarding the uJoin service or any other similar service offered by Amtelco or any of its equipment owners, please kindly direct them to me.

Very truly yours,

Bart B. Torvik
TORVIK LAW LLC

Cc:     Robert Maratta, attorney for The Alliance Group (via e-mail)