

**BART B. TORVIK**
**Attorney & Counselor**
**701 Main Street, Ste. 204**
**Evanston, IL 60202**
**847-986-8568**
**bart.torvik@torviklaw.com**

April 25, 2017

**Via e-mail to lynda.calderone@flastergreenberg.com**
Lynda L. Calderone, Esquire
Flaster Greenberg P.C.
1810 Chapel Avenue West
Cherry Hill, NJ 08002

  RE: U.S. Patent Nos. 8,467,515 & 8,498,399

Dear Ms. Calderone:

  I'm writing in response to your letter dated March 31, 2017.

  As a preliminary matter, Amtelco continues to believe the patents in question are invalid and unenforceable under Sections 101 (*Alice Corp.*), 102, and 103. But we do not expect that any further back-and-forth on those issues is likely to be fruitful, so will instead focus on the facts establishing Amtelco's non-infringement and your questions regarding those facts.

  With respect to the '515 patent, you asked for further clarification on two distinctions between Amtelco's SmartJoin (also marketed as "uJoin") feature and the '515 claims.

  First, as mentioned in my previous letter, the Smart Join feature does not permit the answering service agent to remove the mute mode; only the answering service client (or "called party") has the ability to do so. You asked for "further information on how removal of mute is conducted in the uJoin system, specifically, explain in further detail exactly how the called party (answering service client) removes the call from mute." This is accomplished by the answering service client pressing the digit 5. If the client presses 5, an audible tone is played to the agent to indicate that the client has joined the call, and the called party's call is unmuted. The agent has no role in removing the mute mode, and no ability to do so.

  Second, as previously mentioned, the SmartJoin system does not practice the step in Claim 1 and its dependent claims requiring "establishing contact with the called party by automatically *placing an outgoing call* to a telephone number of the called party." To clarify the previous response, Amtelco's SmartJoin system does not do or permit this, as no outgoing call is ever automatically initiated. Instead, the SmartJoin feature allows the agent to choose to send a message (such as an e-mail or text message) to the answering service client notifying it of the call in progress. The message provides a unique dial-in code which the answering service client can use to call in and join the call in mute mode. Thus, the SmartJoin feature does not involve the agent placing any "outgoing call" to the TAS client, much less an automatic call.



Third, with respect to Claim 8 and its dependent claims, because the answering service client (rather than the agent) controls whether to unmute and join the call, the steps in which agent puts the calling party on hold and unmutes the called party call to discuss whether the called party would like to join the call are not practiced in the SmartJoin / uJoin feature.

With respect to the '399 patent, the SmartJoin feature does not infringe because it does not permit the answering service client and agent to speak over the "called party call" if the monitored call is disconnected before the mute mode is removed. This functionality is required by every claim. For example, Claim 1 contains the following steps:

> receiving a signal from the called party for the **called party to monitor** the incoming call **without joining in**, and in response thereto communicatively coupling the called party call and the incoming call to form a coupled call;

> and **detecting a disconnection** of the monitored incoming call between the agent at the answering service and the calling party, and in response thereto:

> notifying at least the called party that the incoming call at the answering service has ended;

> notifying at least the agent at the answering service that the called party is available and wishes to speak to the agent regarding the ended incoming call;

> and allowing the agent at the answering service and the called party to converse with each other **over the called party call**, wherein the called party while initially monitoring the incoming call **but not joining in** can speak afterward with the agent at the answering service who handled the incoming call,

Thus, the claim contemplates and requires that the system allow the answering service client "to monitor the incoming call without joining in," and if the call is disconnected before the client joins in (that is, before the mute mode is removed) allowing the client and the agent "to converse with each other over the called party call."

SmartJoin does not permit this. In SmartJoin, if the call between the "calling party" and the agent is disconnected while the "called party" is monitoring it (hasn't joined in), both the "incoming call" and the "called party call" are disconnected. There is no opportunity for the agent and the client (called party) to converse without initiating a new call.

For the sake of completeness, this required functionality is also recited in the steps of Claim 10, the other independent claim:

> receiving a signal from the called party for the called party to join in conversation with the calling party;

> **detecting a disconnection** of the incoming call between the agent at the answering service and the calling party **prior to joining the called party in**



**conversation with the calling party**, and in response thereto: notifying at least the called party that the incoming call was disconnected;

notifying at least the agent at the answering service that the called party is available and wishes to speak to the agent regarding the disconnected incoming call;

and **allowing the agent at the answering service and the called party to converse with each other over the called party call**.

Again, in the SmartJoin system, if there is a disconnection of the incoming call before the answering service client has joined in the conversation by pressing digit 5, all aspects of the call—including the "called party call" with the client—are disconnected, and there is no opportunity for the agent and the called party to converse over the called party call.

Further, the scenario described in claim 10 could never arise in the SmartJoin system because the client, not the agent, is in control of whether the mute mode is removed. So it is not feasible for the system to "receive a signal from the called party for the called party to join in" and then "detect a disconnection of the incoming call between the agent at the answering service and the calling party prior to joining the called party in conversation with the calling party" because the system will immediately and automatically join the called party into the conversation upon receiving the signal (as described above, the pressing of digit 5) from the called party to join in the conversation.

We hope that this clears up any ambiguity in my previous letter. If you wish to discuss the matter further, I would suggest that we schedule a phone call.

Very truly yours,

Bart B. Torvik
TORVIK LAW LLC