IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

A.S.D. INC.,

Plaintiff,

v.

AMERICAN TEL-A-SYSTEMS, INC., *et al.*,

Defendants.

PRELIMINARY PRETRIAL
CONFERENCE ORDER

18-cv-587-wmc

This court held a preliminary pretrial conference on November 30, 2018.  All parties were represented by counsel. The court set the schedule for this case and advised the parties that their conduct throughout this case is governed by this pretrial conference order and the attachments to it. The parties should not expect to receive extensions of the deadlines set in this order. It is each party's responsibility to complete all necessary work within the time allotted. Federal Rule of Civil Procedure 6(d) shall not apply to documents served pursuant to Rules 5(b)(2)(E) & (F). Please note that this order imposes new requirements on the parties in patent lawsuits.

The parties and their attorneys must at all times treat everyone involved in this lawsuit with courtesy and consideration. The parties must attend diligently to their obligations in this lawsuit and must reasonably accommodate each other in all matters so as to secure the just, speedy, and inexpensive resolution of each proceeding in this matter, as required by Rule 1. Failure to do so shall have consequences.

**1. Establish standing to assert the patent(s):  January 7, 2019**

By this date, plaintiff must submit to the court proof that it has standing to sue on the patents claimed, either by stipulation or by admissible evidence. If standing is disputed, then the parties should notify the court so that a briefing schedule can be set.

**2. Amendments to the Pleadings:  January 7, 2019**

After this date, a party may not amend its pleadings without first receiving leave of court.

**3. Preliminary Disclosure of Core Substantive Contentions in Patent Cases**

The core substantive contentions identified in this paragraph will be treated as elements of pleading. Amendments to core substantive contentions will be freely allowed until the deadline for amendments to the pleadings. After the deadline, amendments will be allowed as provided for under Federal Rule of Civil Procedure 15. The court expects the parties to commit to their core substantive contentions early in the case, and the court will be increasingly reluctant to allow amendments as the deadline for expert disclosures approaches. The disclosures required by this paragraph are not intended to inhibit any party's ability to seek additional information by means of contention interrogatories.

**A. Plaintiff's infringement contentions:  February 1, 2019**

By this date, plaintiff must identify each claim in each patent being asserted against each accused device. Plaintiff's disclosure must be in claim chart form.

**B. Defendant's invalidity or unenforceability contentions:  March 1, 2019**

By this date, defendant must identify each piece of prior art on which it will rely to show the invalidity of each asserted patent, and the basis for any other allegation of invalidity or unenforceability. Invalidity contentions based on prior art must be made in claim chart form. The court recognizes that defendant's prior art search may not be complete by this deadline, but defendant is strongly cautioned to conduct its prior art search with special diligence and to promptly amend its invalidity contentions as promptly as possible. The court will be increasingly reluctant to allow amendments as the deadline for expert disclosures approaches.

**4.  Exchange of Terms and Proposed Constructions:  August 2, 2019**

**Responses:  September 6, 2019**

By the first date provided in this paragraph, each party should disclose to the opposing party all of the claim terms that it believes may be disputed, along with a proposed construction. By the second date, the opposing party should respond with either its consent to the proposed construction or its proposed alternatives. These disclosures need not be filed with the court, and the parties may supplement or amend these disclosures by agreement. The parties are, of course, encouraged to reach a stipulation on the meaning of as many claim terms as possible.

Twenty-one (21) days before the dispositive motion deadline, the parties must confer and jointly submit a table of terms requiring construction, with each side's proposed construction. The list must also include those terms upon which the parties have agreed on construction. Any claim term not on the joint list will be given its plain meaning on summary judgment and at trial. The court will provide necessary judicial constructions of claim terms in connection with motions for summary judgment. See paragraph 7 below for further detail.

**5.  Disclosure of Reliance on Advice of Counsel:  October 4, 2019**

**6.   Disclosure of Liability Experts:  Proponent:  October 4, 2019**

**Respondent:  November 8, 2019**

All disclosures mandated by this paragraph must comply with the requirements of Rule 26(a)(2). Supplementation pursuant to Rule 26(e) is limited to matters raised in an expert's first report, must be in writing, and must be served no later than five calendar days before the expert's deposition, or before the general discovery cutoff if no one deposes the expert. Any employee of a party who will be offering expert opinions during any phase of this case must comply with all of these disclosure requirements.

Failure to comply with these deadlines and procedures could result in the court striking the testimony of a party's experts, pursuant to Rule 37. The parties may agree among themselves to modify deadlines and procedures relating to experts.

**7. Deadline for Filing Dispositive Motions and for Seeking Judicial Construction of Claim Terms:  December 6, 2019**

Dispositive motions may be filed and served by any party on any date up to the deadline set above. All dispositive motions must be accompanied by supporting briefs. All responses to dispositive motions must be filed and served within 30 calendar days of service of the motion. Any reply by the movant must be filed and served within 15 calendar days of service of the response. The parties may not modify this schedule without leave of court.

If any party files a motion for summary judgment, then all parties must follow this court's procedure governing such motions, a copy of which is attached to this order. The court will not consider any document that does not comply with its summary judgment procedure. A party may not file more than one motion for summary judgment in this case without leave of court.

Parties are to undertake discovery in a manner that allows them to make or respond to dispositive motions within the scheduled deadlines. The fact that the general discovery cutoff, set forth below, occurs after the deadlines for filing and briefing dispositive motions is not a ground for requesting an extension of the motion and briefing deadlines.

If a party seeks judicial construction of a claim term, it must: (1) do so by the dispositive motion deadline; and (2) show how that construction is material to a disputed issue of infringement or invalidity. If either side believes that a hearing on claim construction issues would be useful, it must file a succinct, written motion by (or before) the deadline for filing a summary judgment reply brief. Ideally, the motion will be jointly made, but even if not jointly made, it must state the opposing party's position on whether a hearing should be held. Unless the court is persuaded otherwise, it will generally not hold a hearing on the claim construction or summary judgment.

No later than one week after the reply brief is filed for a summary judgment motion, the parties must confer and jointly submit to the court a chart that identifies each claim and each allegedly infringing product or method at issue in the summary judgment motion, and the substantive contentions raised in the motion (*e.g.*, "Claim 1 is anticipated," or "Claim 1 does not lack written description"). This is not an opportunity for additional argument; it is simply an index to the issues raised on summary judgment. If there is more than one summary

judgment motion, the parties should submit a single filing that includes a separate chart (or charts) for each motion.

**8.  Disclosure of Damages Experts:  Proponent:  February 3, 2020**

**Respondent:  March 6, 2020**

The requirements of paragraph 6 also apply to these disclosures.

**9.  Discovery Cutoff:  April 3, 2020**

All discovery in this case must be completed no later than the date set forth above, absent written agreement of all parties to some other date. Absent written agreement of the parties or a court order to the contrary, all discovery must conform to the requirements of Rules 26 through 37 and Rule 45. Rule 26(a)(1) governs initial disclosures unless the parties agree to the contrary.

The following discovery materials should not be filed with the court unless they concern a motion or other matter under consideration by the court: interrogatories; responses to interrogatories; requests for documents; responses to requests for documents; requests for admission; and responses to requests for admission.

A party need not file a deposition transcript with the court until that party is using the deposition to support some other submission, at which time the entire deposition must be filed. Depositions that are not filed with the court by the deadline for filing pretrial submissions may not be used by any party for any purpose at trial. All deposition transcripts must be in compressed format. The court will not accept duplicate transcripts. The parties must determine who will file each transcript.

A party may not file a motion regarding discovery until that party has made a good faith attempt to resolve the dispute. All efforts to resolve the dispute must be set forth in any subsequent discovery motion filed with the court. By this order, the court requires all parties to a discovery dispute to attempt to resolve it quickly and in good faith. Failure to do so could result in cost shifting and sanctions under Rule 37.

Because the parties will not receive extensions of other deadlines in this case, they must file discovery motions promptly if self-help fails. Parties who fail to do so may not seek to change the schedule on the ground that discovery proceeded too slowly to meet the deadlines set in this order.

All discovery-related motions must be accompanied by a supporting brief, affidavit, or other document showing a prima facie entitlement to the relief requested. Any response to a discovery motion must be served and filed within seven calendar days of service of the motion. Replies may not be filed unless requested by the court.

### 10. Settlement Letters:  April 3, 2020

No later than this date, each party must submit a confidential settlement letter to the clerk of court at clerkofcourt@wiwd.uscourts.gov. The letter should set forth the terms and conditions upon which that party would settle this case. The letter should be marked "Under Seal" and should not be sent to opposing counsel. These letters will not become part of the record in this case. Upon receipt of the letters, the clerk of court will initiate settlement discussions with counsel.

This is the only required settlement activity in this lawsuit. But the parties should be aware that the court has settlement resources available. Contact the clerk of court for information about these resources.

**11. Rule 26(a)(3) Disclosures and all Motions in Limine:  April 10, 2020**

**Objections:  May 1, 2020**

The first date provided in this paragraph is the deadline to file and serve: all Rule 26(a)(3) disclosures; all motions in limine; proposed voir dire questions; proposed jury instructions; and proposed verdict forms. Responses are due by the second date. The format for submitting proposed voir dire questions, jury instructions, and verdict forms is set forth in the Procedures Governing Final Pretrial Submissions, which is attached.

Each party must accompany its proposed jury instructions and verdict questions with a memorandum explaining the reasons for its requests and citing its authority for them. A party objecting to its opponent's proposed jury instructions, verdict form, or verdict questions must submit a memorandum explaining the basis and authority for its opposition. The parties no longer need to submit courtesy copies of these submissions to chambers.

**12. Final Pretrial Conference: May 12, 2020 at 4:00 p.m.**

Lead counsel for each party must appear in person. A party that wishes to obtain daily copies of the trial transcripts must make arrangements with the court reporters as soon as possible, but not later than the day of the final pretrial conference or ten calendar days before the first day of trial, whichever is earlier. Failure to do so constitutes waiver.

**13. Trial: June 1, 2020 at 9:00 a.m.**

Trial shall be to a jury of eight and shall be bifurcated. The parties estimate that this case will take seven to ten days to try. Absent further order of this court, the issues to be tried shall be limited to those identified by the parties in their pretrial conference report to the court.

This case will be tried in an electronically equipped courtroom and the parties will present their evidence using this equipment. The parties must ensure the compatibility of their personal equipment with the court's system prior to the final pretrial conference. Failure to do so constitutes waiver.

**14. Reporting Obligation of Corporate Parties**

All parties that are required to file a disclosure of corporate affiliations and financial interest form have a continuing obligation throughout this case to promptly amend that form to reflect any changes in the answers.

Entered this 4th day of December, 2018.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge